UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KAREN L. TULLY,
          *Plaintiff-Appellant,*

v.

ROD TOLLEY; IDS/AMERICAN EXPRESS
FINANCIAL ADVISORS, INCORPORATED,
          *Defendants-Appellees,*

and

MAXEY ANN TULLY; ANN P. TULLY;
TANDY T. SHIELDS,
          *Defendants.*

No. 02-1143

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-98-1070-2)

Argued: October 30, 2002

Decided: April 18, 2003

Before WILKINSON and GREGORY, Circuit Judges, and
Frank J. MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Roger Dale Hunter, NEELY & HUNTER, Charleston,
West Virginia, for Appellant. Mark Stephen Weiler, MILLER, SNY-

DER, WEILER & WALTERS, Charleston, West Virginia, for Appellees. **ON BRIEF:** Karen H. Miller, MILLER, SNYDER, WEILER & WALTERS, Charleston, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Plaintiff-Appellant Karen Tully ("Karen") appeals the district court's grant of summary judgment in favor of Defendants-Appellees IDS/American Express Financial Advisors, Inc. ("IDS") and Rod Tolley ("Tolley"), a financial advisor with IDS. The district court found no genuine issue of material fact as to whether IDS or Tolley fraudulently concealed or participated in a civil conspiracy relating to the investment accounts at issue.

The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2000), and we exercise jurisdiction over the district court's final order under 28 U.S.C. § 1291. For the following reasons, we AFFIRM.

### I.

This appeal involves three investment accounts: (1) a high-yield tax exempt account ("High-Yield Account"), (2) a mutual fund ("Mutual Fund"), and (3) an irrevocable trust ("Irrevocable Trust"). Karen claims that IDS and Tolley deprived her of interests in each of these accounts. Specifically, Karen alleges, *inter alia*, (1) fraudulent concealment and civil conspiracy by IDS and Tolley with respect to the High-Yield Account, (2) fraudulent concealment by IDS and Tolley with respect to the Mutual Fund, and (3) breach of fiduciary duty and civil conspiracy by IDS and Tolley with respect to the Irrevocable Trust.[1] The district court granted summary judgment for IDS and Tolley on September 14, 2000, finding no genuine issues of material fact.

---

[1] Karen also brought actions against her mother, Maxey Tully, and two of her siblings, as trustees of the Irrevocable Trust. She has since settled

On February 15, 2001, Karen filed a motion to set aside summary judgment, contending that newly discovered evidence contradicted key facts relied upon by the court. This evidence came from a subpoena *duces tecum* against Tolley. Tolley's deposition was taken after the grant of summary judgment for IDS and Tolley because Karen was proceeding with claims against her mother, Maxey Tully ("Maxey"), and two of her siblings ("Trustees"), as trustees of the Irrevocable Trust. The district court denied this motion to set aside summary judgment. This appeal follows.

## II.

We begin with the district court's grant of summary judgment for IDS and Tolley, which we review *de novo*. *See NISH v. Cohen*, 247 F.3d 197, 201 (4th Cir. 2001) (citation omitted). We will address in turn the accounts in which Karen claims misconduct by IDS and Tolley and the relevant facts applicable to each.

### A.   *High-Yield Account*

Karen alleges that IDS and Tolley intentionally withheld information with respect to the High-Yield Account and delayed response to her inquiries regarding this account until redemption of the account had already occurred, thereby constituting fraudulent concealment and civil conspiracy with Maxey. This argument is without merit.

On August 18, 1996, two days after the death of Karen's father, John Tully ("John"), Karen sent Tolley a letter inquiring solely about her stake in her father's investments. By letter dated October 29, 1996, Tolley responded, providing a list of "accounts . . . in the name of Karen T. Wright as sole owner, joint tenant, or as beneficiary." J.A. at 444. Tolley's letter accurately provided that Karen and Maxey were joint tenants of the High-Yield Account, valued at $57,472.32 as of October 29, 1996. Karen was not originally a joint tenant, but she had signed a Change of Ownership Form on January 28, 1995, at Maxey's request, making Karen a joint tenant.

---

with these parties, and these former defendants are not involved in this appeal.

Karen asserts that she was a joint owner with John in the High-Yield Account. However, John was not an owner or joint tenant of this account. Karen's signature is evidence of her awareness since January 28, 1995, that she and Maxey were joint tenants of the High-Yield Account.

To establish fraudulent concealment, Karen must demonstrate that IDS or Tolley took some affirmative action intended to prevent, and which did prevent, the discovery of the facts giving rise to the fraud claim. *Kessel v. Leavitt*, 511 S.E.2d 720, 753 (W. Va. 1998) (citation omitted). In addition, Karen must establish that IDS or Tolley owed her a fiduciary duty or other similar relation of trust and confidence that required disclosure. *Id.* at 752 (citation omitted).

Karen's claim fails because there is no evidence of an affirmative act by IDS and Tolley designed to prevent her from discovering her joint ownership of the High-Yield Account. In fact, Tolley's October 29, 1996, letter in response to Karen's request for account information provided that Karen was a joint tenant on the High-Yield Account. We find no evidence of fraudulent concealment with regard to the High-Yield Account.

To establish a civil conspiracy, Karen must prove that IDS and Tolley concerted with Maxey to either commit a wrongful act or commit a lawful act in an unlawful manner to the injury of Karen. *Id.* at 754 (citation omitted). Karen's civil conspiracy claim fails because there was no material evidence of any wrongful act or unlawful manner of action with regard to the High-Yield Account.

A joint owner of an account may redeem the account in full. W. Va. Code § 31A-4.33(b) (2002) (providing that a joint tenant of a bank account has the right to withdraw any property from the joint account). Therefore, either Karen or Maxey could have redeemed the account. Maxey redeemed the account in full in November 1996. This redemption was a lawful act, and, as the district court pointed out, Karen presented no evidence that the act was performed in an unlawful manner. Therefore, there can be no civil conspiracy.

Karen failed to establish any evidence of fraudulent concealment or civil conspiracy by IDS and Tolley with respect to the High-Yield

Account, and therefore, we find that the district court properly granted summary judgment for IDS and Tolley as to this account.

## B.  *Mutual Fund*

Karen claims that IDS and Tolley fraudulently concealed her joint tenancy in the Mutual Fund, thereby depriving her of her interests. Karen alleges that she was a joint owner with John in the Mutual Fund, as evidenced by a statement of accounts she claims to have seen at her parents' home in July 1996 and her contemporaneous notes regarding this statement. This claim is without merit.

The record reveals that Karen was listed only as a beneficiary, not a joint tenant, on the initial account application. However, on April 13, 1994, more than two years before his death, John made a change of beneficiary, naming Maxey as the primary beneficiary and Karen as a contingent beneficiary. In Tolley's letters in response to Karen's request for information about John's accounts, Tolley accurately reported that Karen was not a joint tenant of the Mutual Fund on August 16, 1996, the date of John's death.

As Karen has presented no evidence to create a genuine issue of material fact as to whether she was a joint tenant at the time of her father's death,[2] there is no evidence of fraudulent concealment by IDS or Tolley with respect to the Mutual Fund. Therefore, we find that the district court properly granted summary judgment for IDS and Tolley as to this account.

---

[2]As the district court pointed out, even if Karen set forth sufficient evidence to establish a genuine issue of material fact with respect to her previous ownership rights in the Mutual Fund, this issue is not material to the resolution of the motion for summary judgment, as it is undisputable that Karen was a contingent beneficiary, not a joint tenant, at the time of John's death and at the time of her communications with IDS and Tolley regarding this account. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that only disputes over facts that might affect the outcome of the suit should be considered material).

## C.  *Irrevocable Trust*

Karen makes two arguments with respect to the Irrevocable Trust. First, she claims that IDS and Tolley fraudulently concealed from her the existence of the Irrevocable Trust and Maxey's life insurance policy that was the sole asset of this trust because she requested information on all of John's accounts in which she had an interest. This argument is without merit.

After John's death, Karen requested that IDS and Tolley provide information regarding the accounts "Daddy set up . . . with you for me and my family." J.A. at 26. However, the Irrevocable Trust was set up by Maxey. Karen did not request information regarding her mother's accounts. The district court correctly found that Tolley had no reason to believe Karen sought information regarding Maxey's accounts. Therefore, there is no evidence of an affirmative act designed to prevent Karen's discovery of the insurance policy or the Irrevocable Trust.

Second, Karen claims that IDS and Tolley owed her a duty, as beneficiary of the insurance policy, to inform her of its existence. This argument too is without merit.

Tolley sold the life insurance policy to Maxey, and this policy was written and administered by IDS. Neither IDS nor Tolley set up the Trust; Tolley testified that the Trust was set up by Maxey and her legal counsel. Further, neither IDS nor Tolley was a Trustee; Karen's sisters were the Trustees.

An insurer owes a fiduciary duty to the insured. *Weese v. Nationwide Ins. Co.*, 879 F.2d 115, 119 (4th Cir. 1989). Therefore, IDS and Tolley, as insurers, owed a fiduciary to Maxey, the insured. In addition, a trustee owes a fiduciary duty to beneficiaries to provide, upon request, "complete and accurate information as to the nature and amount of the trust property." *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 656 (4th Cir. 1996) (citation omitted). Therefore, Karen's siblings, as Trustees, owed a duty to Karen, as a beneficiary, to provide information about the trust property upon request. However, neither IDS nor Tolley, as insurers, owed a duty to Karen, as beneficiary.

Because IDS and Tolley did not fraudulently conceal the existence of the life insurance policy or the Irrevocable Trust, and because they owed Karen no duty to inform her of the existence of either, the district court properly granted summary judgment for IDS and Tolley with regard to the Irrevocable Trust.

### III.

Karen filed a motion to set aside summary judgment approximately six months after summary judgment was entered for IDS and Tolley, citing Federal Rules of Civil Procedure 59 and 60(b). However, these rules apply only to final judgments. *See* Fed. R. Civ. P. 59, 60(b) (2003). Because the district court did not expressly provide for the entry of judgment for IDS and Tolley with the grant of summary judgment, the order was not final. Therefore, the district court properly found that Rule 54(b), not Rules 59 or 60(b), provided the authority for it to review the motion to set aside summary judgment. *See* Fed. R. Civ. P. 54(b). The district court subsequently denied the motion to set aside summary judgment. We review a district court's decision under Rule 54(b) for abuse of discretion. *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1336 (4th Cir. 1993) (citations omitted).

Karen argues that the district court abused its discretion in denying the motion to set aside summary judgment because IDS and Tolley withheld evidence that was material to the court's determination of the motion for summary judgment. These allegations are based on twenty-nine documents Tolley brought to his deposition, per a subpoena *duces tecum*.

After thoroughly reviewing these documents, we agree with the district court that all of the new evidence (1) was cumulative to the materials disclosed by IDS and Tolley in their production of documents or (2) could have been discovered with due diligence and proper discovery requests. In addition, we agree with the district court's holding that Karen failed to show that her failure to obtain this evidence was the result of any affirmative misconduct or concealment by IDS and Tolley. Accordingly, we find no abuse of discretion.

## IV.

For the aforementioned reasons, we AFFIRM.

*AFFIRMED*